U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 4 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
<u>FAYETTEVILLE DIVISION</u>

JARED DAVIS, J2R, LLC, and
IMPACT 180, INC.     PLAINTIFFS

v.     Case No. CV 10-5214

MARK HUNTER     DEFENDANT/
COUNTER-CLAIMANT

THOMAS AND HUNTER ENTERPRISES
INCORPORATED, d/b/a SUZUKI OF
SPRINGFIELD, TRACY FAY, and
ANGIE HALL     DEFENDANTS

ARVEST BANK     CLAIMANT IN INTERVENTION

<u>PETITION AND NOTICE OF REMOVAL
FROM THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS</u>

Come now Petitioners, Thomas and Hunter Enterprises, Incorporated d/b/a Suzuki of Springfield, and Tracy Fay, and for their Petition and Notice of Removal from the Circuit Court of Washington County, Arkansas, state as follows:

1. This cause of action was commenced on January 20, 2009, and is now pending in the Circuit Court of Washington County, Arkansas, under Case No. CV-09-261-4. On September 27, 2010, Plaintiffs filed their Second Amended Complaint which added Petitioners as newly named party defendants to this cause of action.

2. Plaintiff Jared Davis is a resident of the State of Texas, while plaintiffs J2R, LLC and Impact 180, Inc., allege they are legal entities formed under the laws of the State of Arkansas with their principal places of business being in Washington County, Arkansas. Claimant in Intervention, Arvest Bank, is a for profit corporation organized under the laws of the State of Arkansas, with its principal place of business located in the State of Arkansas.

3. Petitioner Thomas and Hunter Enterprises, Incorporated, is a corporation formed under the laws of the State of Missouri, while petitioner Tracy Fay is a resident of the State of Missouri. Defendant Mark Hunter is a resident of the State of Missouri and, upon information and belief, defendant Angie Hall is also a resident of the State of Missouri.

4. Petitioners affirmatively state that they have not yet received service pursuant to the Arkansas Rules of Civil Procedure or the Federal Rules of Civil Procedure, and expressly reserve all objections and defenses provided therein, including, but not limited to, defenses based upon a lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief can be granted, and the failure to join all necessary parties.

5. Plaintiffs' Second Amended Complaint alleges damages for injuries based upon claims of usury, conversion, replevin, unjust enrichment, breach of contract, deceit, civil conspiracy, deceptive trade practices, intentional infliction of emotional distress, and promissory estoppel.

6. Plaintiffs' Second Amended Complaint alleges fault on the part of Petitioners, as well as defendants Mark Hunter and Angie Hall, and further alleges damages in excess of that which is required to establish diversity jurisdiction in federal court. There are no allegations of fault on the part of Arvest Bank, and Arvest Bank has no interest in defeating Plaintiffs' demands further than to secure priority for itself. As such, Arvest Bank should be aligned as a party plaintiff for purposes of diversity jurisdiction, and complete diversity of citizenship exists herein. Accordingly, this Court has original jurisdiction of this cause of action pursuant to 28 U.S.C. §1332. This cause of action is removable pursuant to 28 U.S.C. §1441, *et seq.* <u>See</u> also *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756-7 (8th Cir. 2001) (adopting the last-served defendant rule and

holding that "the later-served defendants... had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served-co-defendant did not file a notice of removal within thirty days of service on them).

7.  In accordance with the rule of unanimity, the Consent to Removal executed on behalf of separate defendant Mark Hunter is being filed in conjunction herewith and is attached hereto as Exhibit "1." Based upon information and belief, separate defendant Angie Hall has not been served with process in this matter and, as such, separate defendant Angie Hall's consent to removal is not required. See *Shimoda-Atlantic, Inc., v. Talon Holdings, Inc.*, 2006 U.S. Dist. LEXIS 60779, at *3 (W.D. Ark. Aug. 24, 2006) (noting that "[i]t is well recognized that the consent of unserved defendants need not be obtained to effectuate removal").

8.  Attached hereto as Exhibit "2" are copies of all of the pleadings, process, orders, and other documents that have been filed with the Circuit Court of Washington County, Arkansas, as of the date of this Petition.

WHEREFORE, PREMISES CONSIDERED, Thomas and Hunter Enterprises, Incorporated d/b/a Suzuki of Springfield and Tracy Fay pray that this action be removed from the Circuit Court of Washington County, Arkansas to the United States District Court for the Western District of Arkansas, Fayetteville Division, as if filed herein originally and for all other relief to which they are entitled.

Respectfully submitted,

THOMAS AND HUNTER ENTERPRISES, INCORPORATED d/b/a SUZUKI OF SPRINGFIELD, and TRACY FAY

By: _____
Don A. Taylor   #89139
Colin M. Johnson   #2007-189
DAVIS, CLARK, BUTT, CARITHERS
   & TAYLOR, PLC
P.O. Box 1688
Fayetteville, AR 72702-1688
(479) 521-7600
dtaylor@davis-firm.com
cjohnson@davis-firm.com

## CERTIFICATE OF SERVICE

I, Colin M. Johnson, certify that I have served the following counsel of record in the foregoing matter with a copy of this pleading by depositing the same in the United States Mail, postage prepaid, this 4th day of November, 2010.

S. Lance Cox
Cox, Cox & Estes, PLLC
P.O. Box 878
Fayetteville, AR 72702-878

Fredreck S. Hudgens
Hoover Slovacek, LLC
5847 San Felipe, Suite 2200
Houston, TX 77057-3918

Sara E. Heck
Hood & Stacy, P.A.
216 North Main
Bentonville, AR 72712

_____
Colin M. Johnson